# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

**January 2019 Term**

_____

**No. 19-0043**

_____

**FILED**

**June 12, 2019**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA EX REL. GALLAGHER BASSETT SERVICES, INC.,**
Petitioner

**v.**

**THE HONORABLE CARRIE WEBSTER, JUDGE OF THE CIRCUIT COURT OF KANAWHA COUNTY; ROBIN LUSK; AND OLD DOMINION FREIGHT LINE, INC.,**
Respondents

_____

**ORIGINAL PROCEEDING IN PROHIBITION**

**WRIT GRANTED**

_____

**Submitted: April 23, 2019**
**Filed: June 12, 2019**

Arie M. Spitz, Esq.
Kevin A. Nelson, Esq.
Dinsmore & Shohl LLP
Charleston, West Virginia

**Counsel for the Petitioner**

James D. McQueen, Jr., Esq.
McQueen Davis, PLLC
Huntington, West Virginia

Christopher J. Heavens, Esq.
Heavens Law Firm, PLLC
Charleston, West Virginia

**Counsel for the Respondent Robin Lusk**

**Justin M. Harrison, Esq.**
**George E. Chamberlain IV, Esq.**
**Jackson Kelly PLLC**
**Charleston, West Virginia**

**Counsel for Respondent Old Dominion**
**Freight Line, Inc.**

**JUSTICE ARMSTEAD delivered the Opinion of the Court.**

**JUSTICE WORKMAN concurs, in part, and dissents, in part, and reserves the right to file a separate opinion.**

**SYLLABUS BY THE COURT**

1. "A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. *W. Va. Code*, 53-1-1." Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977).

2. W. Va. Code § 23-2C-21(a) [2009] prohibits a cause of action by an employee against a third-party administrator, or any employee or agent of a third-party administrator, for workers' compensation discrimination.

i

**Armstead, Justice:**

This case is before the Court on a petition for writ of prohibition. Respondent Robin Lusk worked for Respondent Old Dominion Freight Line, Inc., ("**Old Dominion**") as a long-haul truck driver. Ms. Lusk was injured at Old Dominion's trucking terminal, and Old Dominion subsequently terminated her. Old Dominion's third-party claims administrator, Petitioner, Gallagher Bassett Services, Inc., ("**Gallagher Bassett**") denied Ms. Lusk's claim for workers' compensation benefits on behalf of Old Dominion.

Ms. Lusk sued both Old Dominion and Gallagher Bassett in the Circuit Court of Kanawha County. Gallagher Bassett moved to dismiss Ms. Lusk's claims against it, and Respondent The Honorable Carrie L. Webster, Judge of the Circuit Court of Kanawha County, denied Gallagher Bassett's motion. Gallagher Bassett contends that Judge Webster erred and asks this Court to direct the circuit court to dismiss all of Ms. Lusk's claims against Gallagher Bassett.

Based on the record before us, the arguments of the parties, and the applicable law, we find that the circuit court exceeded its jurisdiction by failing to dismiss Ms. Lusk's claims against Gallagher Bassett. Accordingly, we grant the writ of prohibition, reverse the circuit court's order denying Gallagher Bassett's motion to dismiss, and remand this case to the circuit court for the entry of an order dismissing Ms. Lusk's claims against Gallagher Bassett.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Robin Lusk and her husband, Kevin Lusk, were long-haul truckers for Old Dominion. Their work took them to California, and on June 16, 2015, they entered Old Dominion's Los Angeles terminal to begin their next haul. When they arrived, Old Dominion's computer system noted their presence and identified the trailers that they were to transport. When the Lusks attempted to connect to their trailers, Ms. Lusk received serious injuries.

An ambulance transported Ms. Lusk to a California hospital, where she remained until June 22, 2015. On the day Ms. Lusk was released, Mr. Lusk spoke to Old Dominion's terminal manager by phone. According to Ms. Lusk, the manager said that the couple had "falsified the log book," and that both of them were fired.

The Lusks returned to West Virginia, arriving by car on June 26, 2015. Ms. Lusk immediately checked into a hospital. According to her, this was when she learned that Old Dominion had terminated her health insurance coverage. That same day, she asserts that she spoke to a Gallagher Bassett employee named Cathy Reedy. According to Ms. Lusk, Ms. Reedy took her statement and then promptly informed her that her request for workers' compensation benefits was denied.

Ms. Reedy, in her capacity as a Gallagher Bassett claims administrator, also communicated this decision to Ms. Lusk in a letter dated June 26, 2015. The letter identifies Old Dominion as the "Client" and appears to have been printed on Gallagher

Bassett letterhead. It reports, "Your application for the benefits filed in the above claim is denied. We have determined that your injury is not work related."

Ms. Lusk challenged the decision to deny her claim. After an expedited hearing on October 9, 2015, the Office of Judges agreed with Ms. Lusk, ruled that her injury was work-related, and determined that her claim was compensable. The Board of Review affirmed the decision of the Office of Judges in March 2016.[1]

Ms. Lusk sued Old Dominion in Kanawha County Circuit Court on November 16, 2015. In her complaint, she accuses Old Dominion of workers' compensation discrimination, workers' compensation fraud, and defamation. She identifies Ms. Reedy by name, describes their June 26, 2015 conversation, and refers to the June 26, 2015 denial letter. Ms. Lusk alleges, in particular, that Ms. Reedy accused her of "falsif[ying] log book records[.]" As reported by Ms. Lusk, Ms. Reedy said that "according to the Log Book, Kevin [Lusk] . . . was supposed to be in the 'sleeper[,]' and [Robin Lusk] was supposed to be 'off duty' at the time she was hooking up the trailers, such that neither was logged in as being 'on duty' when [Robin Lusk] was . . . injured." Ms. Lusk denies that she falsified any log-book entries but says that "she freely admitted [during her conversation with Ms. Reedy] that she inadvertently failed to log in as being 'on duty' by forgetting to do so when she began her pre-shift activities." The complaint also contends

---

[1] Old Dominion appealed the Board of Review's decision to this Court in April 2016, but Old Dominion later withdrew the appeal.

that Old Dominion's "workers' compensation representatives, acting as employees of [Old Dominion's] third-party administrator, were the agents and servants of [Old Dominion.]"

Ms. Lusk filed an amended complaint on January 4, 2018. The amended complaint added Gallagher Bassett as a defendant, accusing Gallagher Bassett of workers' compensation discrimination and workers' compensation fraud.[2] The amended complaint alleges that Gallagher Bassett "contract[ed] with . . . Old Dominion . . . to act as a claims administrator for workers' compensation claims" and alleges that "[a]t all times material to this action, . . . Gallagher Bassett's workers' compensation representatives, who were acting as employees of said third-party administrator, were also the agents and servants of . . . Old Dominion[.]" According to the amended complaint, Gallagher Bassett's employees "were either acting within the scope and course of their employment and agency, such that . . . Old Dominion is liable for any wrongful conduct by them . . . [,] or [they] were acting on their own in a manner contrary to the workers' compensation laws of West Virginia."

Ms. Lusk appears to have anticipated that the statute of limitations might become an issue for her claims against Gallagher Bassett, and sought to address the issue in her motion for leave to file the amended complaint. The motion alleges that the August 2017 deposition revealed to Ms. Lusk "that Old Dominion did not make the decision to deny compensability . . . and that Gallagher Bassett . . . and its Claims Manager . . . , Cathy

---

[2] The parties appear to agree that Ms. Lusk's defamation claim does not extend to Gallagher Bassett.

Reedy, made the decision based on facts provided by Old Dominion." The motion explains

that Ms. Lusk had not previously sought amendment of the complaint because prior to the

deposition, Old Dominion had not taken the position that it relied on Gallagher Bassett in

making the decision to deny compensability. Gallagher Bassett moved to dismiss all of

Ms. Lusk's claims against it pursuant to Rule 12(b)(6) of the *West Virginia Rules of Civil*

*Procedure*.[3] Gallagher Bassett argued that Ms. Lusk's claims were barred by the two-year

statute of limitations and that Gallagher Bassett was not a proper defendant because it was

not Ms. Lusk's employer.[4] Ms. Lusk responded that the statute of limitations was tolled

by the discovery rule and did not begin to run until she learned from Old Dominion's

employee that "Gallagher Bassett apparently had complete independence in administering

and making decisions as to the workers' compensation claim[.]" She also contended that

"[n]othing in Chapter 23 of the West Virginia Code precludes the application of *Persinger*

[*v. Peabody Coal Co.*, 196 W. Va. 707, 474 S.E.2d 887 (1996)] to intentional acts, such as

fraud, by a claims administrator[.]" As support for this claim, she quoted W. Va. Code §

23-2C-21 [2009].[5]

---

[3] Rule 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted[.]" W. Va. R. Civ. P. 12(b)(6) [1998].

[4] Gallagher Bassett also argued that Ms. Lusk failed to plead her fraud claim with sufficient particularity and that Ms. Lusk was attempting to bring what amounts to "a disguised [insurance] bad faith claim or a privatized § 23-1-1 *et seq.* administrative claim."

[5] The relevant portions of W. Va. Code § 23-2C-21 are set forth below in the analysis section of this opinion.

The circuit court considered Gallagher Bassett's motion to dismiss at a hearing on June 28, 2018. The circuit court denied the motion to dismiss in an order entered on August 27, 2018.[6] In denying the motion, the circuit court summarized the parties' arguments and suggested that it might later side with Gallagher Bassett on summary judgment. Indeed, the circuit court noted Gallagher Bassett's argument that Ms. Lusk's oral arguments about the June 26, 2015 letter amounted to "further evidence that Plaintiff knew or should have known of potential claims against Gallagher Bassett more than two years before she filed suit" and observed that "Gallagher Bassett's arguments [that it was not a proper defendant] are extremely persuasive[.]" However, the circuit court was

---

[6] We note with some concern that neither party included the circuit court's August 27, 2018 order in either the appendix or the supplemental appendix filed with this Court. We added the August 27, 2018 order to the appendix record by order of this Court entered on April 9, 2019. *See* W. Va. R. App. P. 6(b) [2010].

Instead of the August 27, 2018 order, Gallagher Bassett filed a transcript of the circuit court's June 28, 2018 hearing on Gallagher Bassett's motion to dismiss and a January 14, 2019 *proposed* order denying the motion. However, the proposed order—unlike the August 27, 2018 order—does not bear Judge Webster's signature, and we understand that, as of the morning of oral argument before this Court, the proposed order had not been entered. "It is a paramount principle of jurisprudence that a court speaks only through its orders." *Legg v. Felinton*, 219 W. Va. 478, 483, 637 S.E.2d 576, 581 (2006). Accordingly, we decline to consider the January 14, 2019 proposed order, and we decline to consider the circuit court's remarks from the bench to the extent, if any, they may be inconsistent with the reasoning and outcome stated in the August 27, 2018 order. *See Tennant v. Marion Health Care Found., Inc.*, 194 W. Va. 97, 106 n.5, 459 S.E.2d 374, 383 n.5 (1995) ("[I]t is clear that where a circuit court's written order conflicts with its oral statement, the written order controls. Therefore, 'we are left to decide this case within the parameters of the circuit court's order.'" (quoting *State v. White*, 188 W. Va. 534, 536 n.2, 425 S.E.2d 210, 212 n.2 (1992))).

We also decline to consider the documents that Gallagher Bassett filed on the day before oral argument under an untimely motion to supplement the appendix record. W. Va. R. App. P. 38(f) [2018] ("No documents shall be filed less than forty-eight hours prior to a scheduled argument in a proceeding unless specifically requested by the Court.").

unwilling to grant Gallagher Bassett's motion based on the early stage in the litigation and based on a "belie[f] that public policy must require that Gallagher Bassett be answerable to the jurisdiction of this Court as to Plaintiff's claims." The court also noted "that no case directly addressing this issue [i.e., whether a third-party administrator could be sued for workers' compensation discrimination and fraud] has been decided by the Supreme Court of Appeals."

Gallagher Bassett filed this petition for writ of prohibition on January 18, 2019, challenging the denial of its motion to dismiss.

## II.  STANDARD OF REVIEW

We have held that "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. *W. Va. Code*, 53-1-1." Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977). When a petitioner claims that a circuit court has exceeded its powers, we apply the following test:

> (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression.

Syl. Pt. 4, in part, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996). We have described these factors as "general guidelines" and "a useful starting point[.]" *Id.*

7

"Although all five factors need not be satisfied, . . . the third factor, the existence of clear error as a matter of law, should be given substantial weight." *Id.* With these considerations in mind, we turn to Gallagher Bassett's petition.

### III. ANALYSIS

Gallagher Bassett argues that Ms. Lusk's workers' compensation discrimination claim is barred by W. Va. Code § 23-2C-21(a) [2009] and that both her workers' compensation discrimination claim and her workers' compensation fraud claim are barred by the two-year statute of limitations. Gallagher Bassett contends that a writ of prohibition should issue because it has no other timely means of correcting the circuit court's clearly erroneous decision, and observes that the application of W. Va. Code § 23-2C-21(a) to third-party administrators is a matter of first impression for this Court. We agree that this is a matter of first impression and that W. Va. Code § 23-2C-21(a) imposes clear limits on a claimant's right to maintain certain causes of action against a third-party administrator. We proceed to consider those limits now in light of Ms. Lusk's claims against Gallagher Bassett.[7]

---

[7] We note that "Old Dominion takes no position with respect to this Petition, nor does it otherwise express an opinion in support of or against the arguments outlined therein."

## A. Statutory Immunity

We begin our analysis of W. Va. Code § 23-2C-21(a) with a review of our rules of statutory construction. This Court has held that in deciding the meaning of a statutory provision, "[w]e look first to [a] statute's language. If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed." *Appalachian Power Co. v. State Tax Dep't of W. Va.*, 195 W. Va. 573, 587, 466 S.E.2d 424, 438 (1995). We have also cautioned that "[a] statute is open to construction only where the language used requires interpretation because of ambiguity which renders it susceptible of two or more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning." *Sizemore v. State Farm Gen. Ins. Co.*, 202 W. Va. 591, 596, 505 S.E.2d 654, 659 (1998) (cleaned up). "That the parties disagree as to the meaning or the applicability of [a] provision does not of itself render [the] provision ambiguous or of doubtful, uncertain or obscure meaning." *In re Resseger's Estate*, 152 W. Va. 216, 220, 161 S.E.2d 257, 260 (1968).

With these rules of statutory construction in mind, we turn to W. Va. Code § 23-2C-21. Section 21 provides that "[*n*]*o civil action* may be brought or maintained by an employee against a . . . *third-party administrator*, or any employee or agent of a . . . third-party administrator, who violates *any provision of this chapter* or chapter thirty-three of this code." W. Va. Code § 23-2C-21(a) (emphasis added). Section 21 goes on to set forth

9

in clear, unambiguous language that "administrative fines or remedies[8] . . . are the *exclusive* civil remedies for *any violation of this chapter* committed by a . . . *third-party administrator* or any agent or employee of a . . . third-party administrator." W. Va. Code § 23-2C-21(b) (emphasis added).

Ms. Lusk has sued Gallagher Bassett for workers' compensation discrimination. This is a statutory cause of action under Chapter 23 of the *West Virginia Code*, and she alleges that Gallagher Bassett[9] violated W. Va. Code § 23-5A-1 [1978] (barring discrimination "because of [an] . . . employee's receipt of or attempt to receive benefits under this chapter"); W. Va. Code § 23-5A-2 [1982] (barring cancelation of health insurance while an employee "is claiming or is receiving benefits under this chapter for a temporary disability"); and W. Va. Code § 23-5A-3 [1990] (barring termination of "an injured employee while the injured employee is off work due to a compensable injury . . . and is receiving or is eligible to receive temporary total disability benefits").[10]

---

[8] The statute specifies that the "administrative fines or remedies" to which it refers are those "provided in this chapter or chapter thirty-three of this code or rules promulgated by the Workers' Compensation Commission or the Insurance Commissioner[.]" W. Va. Code § 23-2C-21(b).

[9] The amended complaint actually identifies *Old Dominion* as the perpetrator of these (alleged) statutory violations; Gallagher Bassett's liability, according to the amended complaint, stems from its status as Old Dominion's (alleged) co-conspirator.

[10] We note that the amended complaint vaguely refers to "statutory and common law violations . . . pertaining to the rights of injured workers" and cites to a number of our decisions in footnotes. It also alleges that Gallagher Bassett's "statutory violations" were "contrary to the public policies of the State of West Virginia regarding the treatment of workers injured on the job." This language does not obscure or alter the

10

Pursuant to our rule of statutory construction set forth above, we hold that the "plain meaning" of W. Va. Code § 23-2C-21(a) prohibits a cause of action by an employee against a third-party administrator, or any employee or agent of a third-party administrator, for workers' compensation discrimination. Because Ms. Lusk accuses Gallagher Bassett, in its capacity as Old Dominion's third-party administrator, of workers' compensation discrimination, we find that this claim against Gallagher Bassett must be dismissed and that the circuit court's refusal to do so was clear error.[11]

Our law is clear that responsibility for compensability determinations lies with a self-insured employer. "In any claim for benefits under this chapter, the . . . self-

---

fact that Ms. Lusk is asserting a *statutory* cause of action under Chapter 23, which is our workers' compensation statute. W. Va. Code §§ 23-1-1 to -6-3 [2019].

[11] Our holding suggests a further question as to whether W. Va. Code § 23-2C-21(a) also bars Ms. Lusk from asserting a cause of action against Gallagher Bassett for workers' compensation fraud. In *Persinger*, we recognized a cause of action for "knowingly and intentionally fraudulently misrepresenting facts . . . in opposition to [an] employee's [workers' compensation] claim . . . with the intention of depriving the employee of benefits rightfully due him." Syl. Pt. 1, in part, *Persinger*, 196 W. Va. 707, 474 S.E.2d 887. Conduct that would provide a cause of action under *Persinger* would also seem "unreasonable" for purposes of W. Va. Code § 23-2C-21(c), which might plausibly implicate Section 21's ban on civil actions against third-party administrators for "violat[ing] *any provision* of this chapter[.]" W. Va. Code § 23-2C-21(a) (emphasis added).

However, Gallagher Bassett has not asked us to apply Section-21 immunity to Ms. Lusk's *Persinger* claim. Indeed, during oral argument, Gallagher Bassett's counsel expressly disavowed any intent to raise this question, explaining that he did not think our law was sufficiently settled to warrant a finding that the circuit court had committed clear error as to such claim. For this reason, and because we find the workers' compensation fraud claim is barred by the applicable statute of limitations as outlined below, we do not address whether W. Va. Code § 23-2C-21(a) is a bar to Ms. Lusk's fraudulent misrepresentation claim. Accordingly, we decline to determine, in this action, whether W. Va. Code § 23-2C-21(a) applies to claims of workers' compensation fraud and reserve such question for later determination.

insured employer . . . *shall determine* whether the claimant has sustained a compensable injury . . . and enter an order giving all parties immediate notice of the decision." W. Va. Code § 23-4-1c(a) [2009] (emphasis added); *see also* W. Va. Code R. § 85-18-11.1 [2008] ("All self-insured employers *shall administer* their own claims consistent with the provisions of chapter twenty-three of the West Virginia Code and the rules promulgated thereunder." (emphasis added)). Third-party administrators, as the name implies, are third-party entities "hired by self-insured employers to help administer workers' compensation claims[.]" W. Va. Code R. § 85-18-1.1 [2008]; *see also*, *Wetzel v. Emp'rs Serv. Corp. of W. Va.*, 221 W. Va. 610, 615, 656 S.E.2d 55, 60 (2007). "Self-insured employers *may hire* third[-]party administrators to administer claims[,]" and such third-party administrators "shall comply with relevant provisions of chapter[] twenty-three . . . of the West Virginia Code and the rules promulgated thereunder." W. Va. Code R. § 85-18-17 [2008] (emphasis added). However, the ultimate responsibility for compensability decisions lies with the self-insured employer.

Notably, in her response to the petition for writ of prohibition, Ms. Lusk appears to concede that her workers' compensation discrimination claim is barred by W. Va. Code § 23-2C-21. She writes, "[t]he statute relied upon by Gallagher Bassett, W.[]Va. [Code] §[]23-2C-21(a), . . . expressly states in clear fashion that an employee can not [sic] bring or maintain an action against a . . . third-[party ]administrator . . . under chapter 23 . . . of the West Virginia Code." She contends, however, that Section 21 is unconstitutional because Chapter 23 punishes fraud on the part of claimants while at the same time

12

"protecting those who administer the workers' compensation laws . . . from exposure for acting in a discriminatory manner[.]" Ms. Lusk further asserts, "[T]here is neither a standard applicable to insurers, third-party administrators, or their employees to guide their conduct or to prohibit either fraudulent or bad faith conduct." She claims that "[t]here is no rational basis for" this disparate treatment, and she alleges that it

> violates the . . . equal protection, special legislation, . . .
> substantive due process, certain remedy, or right to jury trial
> provisions of the West Virginia Constitution. W.Va. Const.
> art. III, §10; W.Va. Const. art. VI, §39; W.Va. Const. art. III
> §10; W.Va. Const. art. III §17; and W.Va. Const. art. III [§]13.

We have held that "[e]very presumption is to be made in favor of the constitutionality of a statute, and it can never be declared unconstitutional except when it is clearly and plainly so. A reasonable doubt as to its unconstitutionality must be resolved in favor of the validity of the law." *State ex rel. Greenbrier Cty. Airport Auth. v. Hanna*, 151 W. Va. 479, 491, 153 S.E.2d 284, 290–91 (1967) (cleaned up). Ms. Lusk has failed to meet this heavy burden. Indeed, she has offered us only a "skeletal 'argument,' really nothing more than an assertion[.]" *State v. Sites*, ___ W. Va. ___, ___, 825 S.E.2d 758, 777 (2019) (cleaned up). We find no basis for Ms. Lusk's challenge to the statute on a constitutional basis.

We now consider whether Ms. Lusk's remaining cause of action for workers' compensation fraud is barred by the statute of limitations.

## B. Statute of Limitations

We have held that "[a] five-step analysis should be applied to determine whether a cause of action is time-barred":

> *First*, the court should identify the applicable statute of limitation for each cause of action. *Second*, the court (or, if questions of material fact exist, the jury) should identify when the requisite elements of the cause of action occurred. *Third*, the discovery rule should be applied to determine when the statute of limitation began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action, as set forth in Syllabus Point 4 of *Gaither v. City Hosp., Inc.,* 199 W.Va. 706, 487 S.E.2d 901 (1997). *Fourth*, if the plaintiff is not entitled to the benefit of the discovery rule, then determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action. . . . And *fifth*, the court or the jury should determine if the statute of limitation period was arrested by some other tolling doctrine.

Syl. Pt. 5, in part, *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255 (2009) (emphasis added).

The parties agree that a two-year statute of limitations[12] applies to this claim. As such, we proceed to the second step and consider "when the requisite elements of the cause of action occurred." *Id.*

In *Persinger* we held that

West Virginia Code § 23-2-6 (1994) does not preclude an employee from maintaining a separate and distinct cause of

---

[12] *See* W. Va. Code § 55-2-12 [1959].

14

action against an employer[13] for damages as a result of the employer knowingly and intentionally fraudulently misrepresenting facts to the Workers' Compensation Fund that are not only in opposition to the employee's claim, but are made with the intention of depriving the employee of benefits rightfully due him.

Syl. Pt. 1, *Persinger*, 196 W. Va. 707, 474 S.E.2d 887. It is clear that the crux of Ms. Lusk's fraudulent misrepresentation claim against Gallagher Bassett is her assertion that Gallagher Bassett, either acting on its own or as an agent of Old Dominion, fraudulently misrepresented that she intentionally falsified her log entries. Therefore, we will turn our attention to the question of when such a cause of action, if supported by the facts, actually arose.

To state a cause of action for workers' compensation fraud, a claimant must allege that the defendant conveyed false information to *some other person or body* with authority to rule on the claim. *See Cobb v. E.I. duPont deNemours & Co.*, 209 W. Va. 463, 467, 549 S.E.2d 657, 661 (1999). According to our workers' compensation statute, the relevant person or body to hear her challenge—and, thus, the relevant person or body to receive actionable misrepresentations under *Persinger*—was the Office of Judges. *See, e.g.*, W. Va. Code §§ 23-4-1c(a)(3) [2009], 23-5-1(b)(1) [2009], and 23-5-9 [2007]. We

---

[13] *Persinger* refers multiple times to an action "against an employer[.]" *See, e.g.*, Syl. Pts. 1 and 4, *Persinger*, 196 W. Va. 707, 474 S.E.2d 887. Because we hold that Ms. Lusk's *Persinger* claim is barred by the statute of limitations, we need not consider whether *Persinger*'s references to "an employer" provide a further basis for dismissing this claim against Gallagher Bassett.

note that the Office of Judges conducted an expedited evidentiary hearing on Ms. Lusk's claim on October 9, 2015, and entered a decision in her favor approximately four weeks later. From the decision, it is clear that the administrative law judge considered and rejected Old Dominion's[14] claim that Ms. Lusk "was not [acting] in the course of her employment because she ha[d] failed to enter she was on duty[.]" Therefore, any alleged misrepresentation that would form the basis of her misrepresentation claim would have occurred, at the latest, on the day of the October 9, 2015 evidentiary hearing.

Proceeding to the third factor set forth in *Dunn*, we must now review when Ms. Lusk knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action for fraudulent misrepresentation. As set forth above, Ms. Lusk would have known, or by reasonable diligence should have known, of the alleged fraudulent misrepresentation at the latest by the date of the October 9, 2015 evidentiary hearing. In fact, Ms. Lusk would have been put on notice of the alleged misrepresentation and the fact that it was a basis for the proposed denial of her workers' compensation coverage as early as June 26, 2015. This was the date of the letter from Gallagher Bassett denying her workers' compensation coverage based, at least in part, on the allegation that she had falsified her log records—an allegation that was communicated to her in the June 22, 2015 phone call terminating her employment. Clearly, she possessed the facts relevant

---

[14] Old Dominion, as the employer, was the responding party before the Office of Judges.

16

to assert her fraudulent misrepresentation claim against Gallagher Bassett no later than October 9, 2015.

This brings us to the question of whether we should apply the discovery rule to toll the statute of limitations as outlined in the fourth step of our analysis under *Dunn* and whether Gallagher Bassett in some way concealed facts that would warrant the tolling of the statute of limitations. We have held that "[t]he 'discovery rule' is generally applicable to all torts, unless there is a clear statutory prohibition to its application." Syl. Pt. 2, *Dunn*, 225 W. Va. 43, 689 S.E.2d 255. The more important question is whether the discovery rule can save Ms. Lusk's *Persinger* claim. We find that it cannot.

> "[U]nder the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury." Syllabus Point 4, *Gaither v. City Hosp., Inc.,* 199 W.Va. 706, 487 S.E.2d 901 (1997).

Syl. Pt. 3, in part, *Dunn*, 225 W. Va. 43, 689 S.E.2d 255. As discussed above, as early as June 26, 2015, Ms. Lusk understood both the fact that her claim for workers' compensation benefits had been denied and the reason for that denial.[15] She also knew that Gallagher Bassett was intimately involved with the decision to deny her claim. Indeed, a Gallagher Bassett representative signed the June 26, 2015 letter that denied her claim and triggered

---

[15] This assumes, for sake of argument, that the denial of Ms. Lusk's claim qualifies as an injury under *Persinger*. As we have explained above, *Persinger* only punishes misrepresentations made to another person or body with authority to rule on this claim. In this case, that person or body was the Office of Judges, and we note that Ms. Lusk prevailed before the Office of Judges.

her right to file an objection with the Office of Judges. That objection was heard in an evidentiary hearing on October 9, 2015. Thus, there are no circumstances which warrant applying the discovery rule to toll the statute of limitations.

We further find that Gallagher Bassett took no steps to conceal evidence that would justify tolling of the statute of limitations. Syl. Pt. 5, in part, *Dunn*, 225 W. Va. 43, 689 S.E.2d 255. Ms. Lusk contends that Gallagher Bassett and Old Dominion delayed the discovery efforts that ultimately led her to conclude that Old Dominion blamed Gallagher Bassett for the decision to deny workers' compensation benefits. However, even if this were true, any such delay did not conceal from Ms. Lusk the relevant facts that were necessary for her to file her fraudulent misrepresentation claim against Gallagher Bassett.

As Ms. Lusk concedes in her response to the petition for a writ of prohibition, "[i]t was apparent to [Ms. Lusk] that Old Dominion's personnel had to supply Ms. Reedy with the facts essential to her decision[.]" Furthermore, Ms. Lusk concedes that "she could have surmised that Gallagher Bassett was the Claim Administrator who made the initial decision to deny compensability." We fail to see how anything revealed in the August 2017 deposition, or the e-mails produced at that deposition, materially altered Ms. Lusk's theory of her *Persinger* claim against Gallagher Bassett. Ms. Lusk offers us no further reason to believe that Gallagher Bassett concealed relevant information, and we find no such concealment that would toll the statute of limitations.

Finally, Ms. Lusk has shown no other justification, as outlined in *Dunn*, for the statute of limitations to be "arrested by some other tolling doctrine." Syl. Pt. 5, in part,

18

*Dunn*, 225 W. Va. 43, 689 S.E.2d 255.[16] Accordingly, applying the standard set forth by this Court in *Dunn*, we conclude that Ms. Lusk's claim of fraudulent misrepresentation is barred by the two-year statute of limitations.

## IV. CONCLUSION

For the foregoing reasons, we conclude that the circuit court exceeded its legitimate powers when it refused to dismiss Ms. Lusk's claims against Gallagher Bassett. We, therefore, grant the writ of prohibition and reverse the August 27, 2018 ruling of the Circuit Court of Kanawha County. We further remand this matter to the circuit court and order it to enter an order dismissing Ms. Lusk's claims against Gallagher Bassett for workers' compensation discrimination and workers' compensation fraud.

Writ granted.

---

[16] Ms. Lusk also asserts, in her response to the petition for writ of prohibition, that the appropriate accrual date for the two-year statute of limitations to begin to run against Gallagher Bassett was the date upon which the appeal of the workers' compensation determination to this court was filed (i.e., Old Dominion's appeal from the Board of Review's decision affirming the Office of Judges determination of workers' compensation coverage). She contends that it was "*legally necessary*" for her to prevail administratively before considering the assertion of a claim against Gallagher Bassett for workers' compensation fraud (emphasis added). Nonetheless, she proceeded to sue Old Dominion in November 2015. Ms. Lusk's attorney conceded as much during oral argument and retreated to the position that waiting until the administrative process had run its course was really an *option* not a necessity. Ms. Lusk has provided no legal authority that supports her position that such delay was required or that it in any way tolled the statute of limitations. *See Sites*, ___ W. Va. at ___, 825 S.E.2d at 777 ("We decline to address this inadequately briefed issue on the merits."). We, therefore, find this argument unpersuasive.

19